**JIN (J) CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4191–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

Meer M.M. Rahman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Surell Brady, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Chen, a native and citizen of the People's Republic of China, seeks review of an August 18, 2006 order of the BIA denying her motion to reopen removal proceedings. *In re Jin (J) Chen,* No. A 96 390 132 (B.I.A. Aug. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's deci-

sion for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Here, the BIA properly found that the materials Chen presented failed to establish her prima facie eligibility for relief. Although the background materials that Chen submitted indicate that leaders of unauthorized religious groups are sometimes the targets of harassment, interrogation, detention, and physical abuse, the reports do not indicate that such mistreatment occurred in Fujian, Chen's native province. Indeed, some reports indicated that Government supervision of religious activity was minimal in certain regions, and that registered and unregistered Protestant and Catholic churches existed openly. Further, while Chen provided anecdotal evidence from her pastor in the United States regarding the persecution of Christians in China, the pastor's statement did not include any specific information about the incidence of persecution, the regions where the persecution was allegedly observed, or other documentary evidence of mistreatment of Christians.

■ Moreover, the BIA reasonably found the possibility of punishment for Chen's nonconformity to official rules of worship "too speculative" to support a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (concluding that a fear is "speculative at best" if it lacks "solid support" in the record). The BIA also appropriately noted that Chen failed to submit additional evidence or arguments in support of her claim that she was subject to persecution for her illegal departure from China, a claim previously denied in the underlying decision. Under these circumstances, the BIA cannot be found to have abused its discretion in denying Chen's motion to reopen on the basis that Chen failed to establish prima facie eligibility for asylum. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005). Accordingly, to the extent that Chen argues that her due process rights were violated because the BIA's decision was "unreasonable," this argument is unavailing.

■ Lastly, because Chen fails to challenge in her brief to this Court the BIA's decision declining to reopen and remand to allow Chen to pursue her adjustment of status application, that issue is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.